IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
DISCOVERY CHARTER SCHOOL,      )
                               )
              Plaintiff,       )
                               )
     v.                        )           1:25cv425
                               )
A.T., by and through his       )
parent D.T.,                   )
                               )
              Defendant.       )
```

### MEMORANDUM ORDER

THOMAS D. SCHROEDER, District Judge

In this action, Plaintiff Discovery Charter School ("Discovery") appeals the Final Decision by a North Carolina Administrative Law Judge ("ALJ") under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 et seq. Discovery now seeks expedited consideration to stay the enforcement of the ALJ's Final Decision pending Discovery's appeal to this court. (Doc. 9.) Defendant A.T., by and through his parent D.T., responded (Doc. 12), and Discovery replied (Doc. 13). For the reasons that follow, Discovery's motion to stay will be denied.

I.   BACKGROUND

A.T. attended Discovery from 2021 until 2024. (Doc. 1 ¶ 26.) In early 2023, Discovery convened an Individualized Education Plan ("IEP") team for A.T. to determine whether he qualified to receive special education services because of his clinically diagnosed disabilities, including attention deficit hyperactivity disorder

and oppositional defiant disorder. (Id. ¶¶ 38-40.) The IEP team determined that A.T. should receive several additional evaluations. (Id. ¶ 41.) A.T. received the recommended evaluations, and the IEP team identified A.T. as a "child with a disability" based on these evaluations. (Id. ¶ 62.) Thus, the team developed an initial IEP for A.T. in March 2023. (Id. ¶ 68.)

In October 2023, A.T.'s IEP team reconvened to review A.T.'s progress under the initial IEP. (Id. ¶ 82.) The IEP team decided to revise the initial IEP and included new goals for A.T. to meet. (Id. ¶ 85.) Moreover, in January 2024, the IEP team finalized an addendum to the IEP, which provided additional accommodations for A.T. (Id. ¶ 93.) Discovery continued to monitor A.T.'s progress, and A.T.'s IEP team convened again in March 2024 to revise his IEP because of new behavioral concerns. (Id. ¶¶ 94-96.) A.T. ultimately completed eighth grade in May 2024 and subsequently enrolled in a different school. (Id. ¶ 128.)

In April 2024, A.T. filed a petition for a hearing with the North Carolina Office of Administrative Hearings ("OAH"), asserting that he had been deprived of a free appropriate public education ("FAPE"). (Doc. 9 ¶ 4.) A.T. received a seven-day due process hearing before OAH, and the ALJ entered a Final Decision on February 25, 2025. (Id. ¶¶ 4-7.) In her Final Decision, the ALJ found that Discovery had denied A.T. a FAPE because of the "inappropriate" IEPs from January and March 2024. (Doc. 12-1 at

2

64.)  Accordingly, the ALJ ordered Discovery to provide A.T. with "compensatory educational (math) services" and "behavioral/socio-emotional and/or executive functioning services" from March 2025 to August 2026, based on third-party recommendations and from providers of A.T.'s choice.  (Id.)  The ALJ also ordered Discovery to pay A.T.'s mother for any travel costs related to his participation in the services.  (Id.)  Finally, the ALJ capped Discovery's costs related to the compensatory services and travel expenses at $20,000.  (Id.)

Pursuant to 20 U.S.C. § 1415(i)(2), Discovery filed its appeal of the ALJ's Final Decision with this court on May 27, 2025.  (Doc. 1.)  In July 2025, Discovery moved to stay the enforcement of the ALJ's Final Decision pending Discovery's appeal.  (Doc. 7.)  Fifteen days later, Discovery amended its motion and added a request for expedited consideration.  (Doc. 9.)

## II. ANALYSIS

### A. Standard of Review

A stay "is an exercise of judicial discretion."  Nken v. Holder, 556 U.S. 418, 433 (2009) (quoting Virginian Ry. Co. v. United States, 272 U.S. 658, 672 (1926)).  The factors regulating the issuance of a stay pending appeal include: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether the issuance of the stay will

3

substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." Hilton v. Braunskill, 481 U.S. 770, 776 (1987). Moreover, "[t]he party requesting a stay bears the burden of showing that the circumstances justify an exercise of [the court's] discretion." Nken, 556 U.S. at 433-34.

When reviewing the final decision of an ALJ under the IDEA, the reviewing court's mandate is "bounded." Bouabid v. Charlotte-Mecklenburg Schs. Bd. of Educ., 62 F.4th 851, 857 (4th Cir. 2023). "Though the reviewing court in an IDEA case must 'make an independent decision based on a preponderance of the evidence,' the ALJ's findings are generally considered 'prima facie correct.'" Id. (quoting Doyle v. Arlington Cnty. Sch. Bd., 953 F.2d 100, 103, 105 (4th Cir. 1991)). The one exception to this deferential standard arises "when an ALJ has strayed 'so far from the accepted norm of a fact-finding process' that its findings were not regularly made." Id. (quoting Doyle, 953 F.2d at 104-05); see also J.P. ex rel. Peterson v. Cnty. Sch. Bd., 516 F.3d 254, 259 (4th Cir. 2008) (noting that factual determinations made by "flipping a coin" or "throwing a dart" would not be entitled to deference).

### B. Whether Discovery Has Made a Strong Showing That It Is Likely to Succeed on the Merits

Discovery argues that it is likely to succeed on the merits because the ALJ failed to give proper deference to both the IEP

4

team and the educators, while also giving "undue weight and allocating improper credibility to evaluators" who had limited personal knowledge of A.T. (Doc. 13 at 2-3.) A.T. counters that the ALJ's Final Decision was "comprehensive, detailed, and regularly made." (Doc. 12 at 10.) Accordingly, A.T. contends that Discovery has not rebutted the presumptive deference that reviewing courts should afford ALJ findings. (Id.)

To determine whether an ALJ's findings were regularly made, courts "typically focus[] on the process through which the findings were made." J.P., 516 F.3d at 259. This process includes "the way in which state administrative authorities have arrived at their administrative decision and the methods employed." Bouabid, 62 F.4th at 857 (emphasis omitted) (quoting Doyle, 953 F.2d at 105). Moreover, "[t]he Fourth Circuit has repeatedly cautioned district courts not to reject an IDEA hearing officer's findings of fact because of mere disagreements about credibility determinations or the officer's perceived failure to explain his findings in sufficient detail." R.S. v. Bd. of Dirs. of Woods Charter Sch. Co., 16-cv-119, 2019 WL 1025930, at *3 (M.D.N.C. Mar. 4, 2019), aff'd, 806 F. App'x 229 (4th Cir. 2020).

Here, Discovery concedes that the ALJ arrived at her decision by holding a seven-day due process hearing and then authoring a sixty-five-page Final Decision. (Doc. 13 at 2.) Nevertheless, Discovery urges the court to reject the ALJ's findings of fact

5

because the ALJ did not give the appropriate amount of deference to the IEP team or the educators. (Id.) Such a rejection runs counter to the Fourth Circuit's general admonition that district courts defer to ALJs as primary factfinders. See Bouabid, 62 F.4th at 851 ("While the federal courts have an important role in IDEA interpretation, it is a role that is tempered by the limitations and inadvisability of federal courts overmanaging the many minute decisions of local school districts.").

Neither Discovery's complaint nor its motion to stay persuades the court at this stage that its contentions rise above "mere disagreements" about the ALJ's credibility determinations. Thus, Discovery has failed to demonstrate a likelihood of success on the merits, and this factor weighs against issuing a stay.

### C. Whether Discovery Will Be Irreparably Injured Absent a Stay

Discovery next argues that it will suffer irreparable harm in the form of unrecoverable monetary loss if the court fails to grant its motion. (Doc. 13 at 7.) A.T. counters that monetary injuries alone, especially losses involving a relatively small amount, do not constitute irreparable harm. (Doc. 12 at 6.)

"Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay are not enough" to show irreparable harm. Di Biase v. SPX Corp., 872 F.3d 224, 230 (4th Cir. 2017) (quoting Sampson v. Murray, 415 U.S. 61,

6

90 (1974)). Moreover, "the possibility of irreparable harm does not constitute a 'clear showing' that the plaintiff is entitled to relief." Id. at 235 (emphasis added) (quoting Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 22 (2008)).

Discovery's alleged irreparable harm is limited to the $20,000 it must provide for A.T.'s compensatory services and travel, which Discovery contends it "may be unable to recoup" if the court ultimately reverses the ALJ's Final Decision. (Doc. 13 at 7.) Discovery therefore points to no irreparable harm other than the possibility of an unrecoverable monetary injury. This speculative possibility of irreparable monetary harm cannot provide a "clear showing" that Discovery is entitled to a stay. Thus, the court finds this factor weighs against issuing a stay.

**D. Whether the Issuance of a Stay Would Substantially Injure A.T.**

Discovery argues that A.T. has failed to demonstrate that a stay would cause him substantial injury. (Doc. 13 at 6.) In fact, Discovery contends that the stay would cause no harm to A.T. because he already has an active IEP in place. (Id. at 7.) A.T. counters that the services ordered by the ALJ are needed now to address his current academic and socio-behavioral deficits. (Doc. 12 at 14.) According to A.T., any delay would only set him further back in obtaining a FAPE. (Id.)

In the context of the IDEA, an award of compensatory services

7

prospectively "'compensate[s] for a past deficient program,' i.e., the school system's failure to provide the student with a FAPE." Y.B. v. Bd. of Educ., 895 F. Supp. 2d 689, 693-94 (D. Md. 2012) (quoting G. ex rel. R.G. v. Fort Bragg Dependent Schs., 324 F.3d 240, 253 (4th Cir. 2003)). Here, the ALJ's Final Decision found that A.T. was denied a FAPE due to previous inadequate IEPs. (Doc. 12-1 at 64.) Accordingly, the ALJ awarded compensatory services to address A.T.'s resulting academic and socio-behavioral deficits. (See id.) Because the ALJ's order aims to correct past failures, it does not matter that A.T. currently has an active IEP in place.

Without the prescribed compensatory services, A.T. persuasively contends, it is unlikely that the identified deficits will be overcome; indeed, the entire purpose of the compensatory services is to address these deficits. Thus, the court finds that any delay would substantially harm A.T. See Blackman v. District of Columbia, 277 F. Supp. 2d 71, 79 (D.D.C. 2003) ("[E]ach day a child is denied a free appropriate education . . . he or she is harmed yet again."). This factor therefore also weighs against issuing a stay.

E.  Whether the Public Interest Lies in Favor of a Stay

Finally, Discovery argues that denial of its motion to stay would harm the public interest by effectively depriving it of the statutory right to appeal the ALJ's Final Decision. (Doc. 13 at

8

5.) A.T. counters that the public interest in upholding the IDEA, as well as the interest in providing A.T. with the necessary special education services, outweighs any potential impact on Discovery's budget. (Doc. 12 at 12-13.)

"[T]he [IDEA] requires that all children with disabilities . . . are entitled to a free and appropriate public education. The public interest in upholding the [IDEA] outweighs the strain on [a school system's] budget." Stockton ex rel. Stockton v. Barbour Cnty. Bd. of Educ., 884 F. Supp. 201, 208 (N.D.W. Va. 1995), aff'd, 112 F.3d 510 (4th Cir. 1997).

Here, Discovery's right to appeal remains undisturbed absent a stay. Discovery suggests that denial of its motion would render the appeal futile because the school might not recover any cost incurred by providing A.T. with compensatory services in the interim. However, it is in the public interest that the court ensures the policy aims of the IDEA are achieved by providing A.T. with timely compensatory services. The burden felt by A.T. in delaying these services outweighs any potential financial harm suffered by Discovery. Thus, the public interest is served by denying Discovery's motion to stay.

### III. CONCLUSION

For the reasons stated,

IT IS ORDERED that Plaintiff Discovery's amended motion to stay enforcement of judgment pending appeal (Doc. 9) is DENIED.

9

/s/   Thomas D. Schroeder
                                 United States District Judge

September 12, 2025